IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LEONARD E. BENFER, JR.,

        Plaintiff,

vs.                                     Case No. 12-1031-SAC

MICHAEL J. ASTRUE,
Commissioner of
Social Security,

        Defendant.

MEMORANDUM AND ORDER

This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff supplemental security income payments. The matter has been fully briefed by the parties.

## I. General legal standards

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards. Glenn v. Shalala, 21 F.3d 983, 984 (10th Cir. 1994). Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by

1

such evidence that a reasonable mind might accept to support the conclusion.  The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion.  Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).  Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted.  Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational.  Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992).  The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met.  Glenn, 21 F.3d at 984.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA).  The claimant's physical or mental impairment or impairments must be of such severity that

they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled.  If the claimant survives step four, the fifth and final step

requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC). This RFC assessment is used to evaluate the claim at both step four and step five. 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

## II. History of case

On April 15, 2011, administrative law judge (ALJ) Janice E. Barnes-Williams issued her decision (R. at 16-26). Plaintiff alleges disability since November 24, 2009 (R. at 16). At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since plaintiff's alleged onset date and

4

protective application date (R. at 18). At step two, the ALJ found that plaintiff had the following severe impairments: rheumatoid arthritis in the hands; diabetes mellitus, type II; and degenerative disc disease (DDD) of the lumbar spine (R. at 18). At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 19). After determining plaintiff's RFC (R. at 19), the ALJ determined at step four that plaintiff is unable to perform any past relevant work (R. at 24). At step five, the ALJ determined that plaintiff could perform other jobs that exist in significant numbers in the national economy (R. at 24-25). Therefore, the ALJ concluded that plaintiff was not disabled (R. at 25).

**III. Did the ALJ err by considering an unsigned report?**

The record contains a state agency physical RFC assessment (R. at 315-322, Exhibit 13F); the assessment itself is undated and unsigned, but indicates that it was to be signed by a medical consultant (R. at 322). The record also contains Exhibit 12F, a form SSA-416 indicating that the RFC was done; it is signed and dated by Dr. Raju on August 10, 2010 (R. at 314). The record also contains Exhibit 14F, a form SSA-5002, which states the following:

> 8/10/10 416 signed by consultant for his RFC (not signed but do have signed 416 which is sufficient).

(R. at 323). The ALJ stated the following in his decision:

5

> Mr. Prosser also objected to Exhibit B13F,
> which is the "Physical Residual Functional
> Capacity (RFC) Assessment" form completed by
> the State agency medical consultant, Padma
> Raju, M.D., because it was not signed or
> dated (Exhibit 13F, p.8). Mr. Prosser
> stated that there was no way to tell who
> signed it or when it was completed. I
> overrule this objection because Exhibits
> B12F and B14F make it clear that the RFC
> form was completed by Dr. Raju and signed on
> August 10, 2010. Mr. Prosser objected to
> Exhibit B14F "because it is a single
> decision maker RFC" and therefore not a
> medical source. Exhibit B14F is not a
> "single decision maker RFC," it is a report
> of contact that merely explains how Dr. Raju
> signed his RFC form (Exhibit 13F) via
> Exhibit B12F. Accordingly, I overrule Mr.
> Prosser's objection regarding Exhibit B14F.

(R. at 16).

On appeal, plaintiff argues that the ALJ committed reversible error because the physical RFC assessment was not signed (Doc. 14 at 14). Plaintiff argues that 20 C.F.R. §§ 404.1519n(e) and 416.919n(e) require the signature by the consultative examiner. However, these regulations apply to a medical source conducting an actual examination of the plaintiff. 20 C.F.R. §§ 404.1519n(a), 416.919n(a). The state agency assessment in question was performed by a non-examining medical source.

Furthermore, after reviewing Exhibits 12F, 13F and 14F, it is quite reasonable to conclude that Dr. Raju's signature on Exhibit 12F is intended to serve as his signature to the

6

physical RFC assessment, as indicated on Exhibit 14F.  The court will not reweigh the evidence or substitute its judgment for that of the Commissioner.  Hackett v. Barnhart, 395 F.3d 1168, 1173 (10th Cir. 2005); White v. Barnhart, 287 F.3d 903, 905, 908, 909 (10th Cir. 2002).  Although the court will not reweigh the evidence, the conclusions reached by the ALJ must be reasonable and consistent with the evidence.  See Glenn v. Shalala, 21 F.3d 983, 988 (10th Cir. 1994)(the court must affirm if, considering the evidence as a whole, there is sufficient evidence which a reasonable mind might accept as adequate to support a conclusion).  The court finds that the holding of the ALJ on this issue is reasonable and consistent with the evidence.

**IV.  Did the ALJ err in her consideration of plaintiff's obesity?**

SSR 02-1p is a social security ruling governing the evaluation of obesity.  It states that, when assessing RFC, obesity may cause limitations of various functions, including exertional, postural and social functions.  Therefore, an assessment should also be made of the effect obesity has upon the claimant's ability to perform routine movement and necessary physical activity within the work environment.  Obesity may also affect the claimant's ability to sustain a function over time.  In cases involving obesity, fatigue may affect the individual's

7

physical and mental ability to sustain work activity. 2002 WL 32255132 at *7. The discussion in the SSR on obesity and RFC concludes by stating that: "As with any other impairment, we will explain how we reached our conclusions on whether obesity caused any physical or mental limitations." 2002 WL 32255132 at *8.

The ALJ did not find obesity to be a severe impairment. Plaintiff argues that his BMI (body mass index) indicates obesity, and cites specifically to a June 19, 2010 consultative examination (R. at 308-311) by Dr. Bleazard, who stated the following:

> Knee range of motion is diminished based on obesity.

(R. at 310). However, in his decision, the ALJ stated the following:

> Dr. Bleazard also noted some minor limitation in the range of motion of the claimant's knees based on his obesity…Dr. Bleazard did not provide a medical source statement (MSS) regarding the claimant's physical functional capacity.

(R. at 23).

The physical RFC assessment prepared by Dr. Raju specifically referenced the June 19, 2010 consultative examination by Dr. Bleazard, noting pain in plaintiff's knees (R. at 316-317); the ALJ accorded "some" weight to the opinions of Dr. Raju, but added additional nonexertional limitations

based on the evidence and testimony (R. at 24). The ALJ included in his RFC findings that plaintiff could "never" kneel, crawl, or climb ladders, ropes or scaffolds, and could only occasionally climb ramps and stairs, or stoop (R. at 19).

The ALJ carefully reviewed the medical evidence, and specifically cited to the consultative examination by Dr. Bleazard which found that plaintiff's range of motion was diminished based on plaintiff's obesity. The ALJ gave weight to the state agency RFC assessment, which took into account the evaluation by Dr. Bleazard; the ALJ then included additional nonexertional limitations in his RFC findings, including a limitation that plaintiff should never kneel or crawl, and only occasionally climb (ramps and stairs) or stoop. Plaintiff fails to cite to any evidence that his obesity resulted in limitations not contained in the ALJ's RFC findings. Arles v. Astrue, 438 Fed. Appx. 735, 740 (10th Cir. Sept. 28, 2011). Therefore, the court concludes that the ALJ's decision provided an adequate discussion of the effect of obesity on plaintiff's RFC. See Arles, 438 Fed. Appx. at 740.

**V. Did the ALJ err in her credibility analysis?**

Credibility determinations are peculiarly the province of the finder of fact, and a court will not upset such determinations when supported by substantial evidence. However, findings as to credibility should be closely and affirmatively

9

linked to substantial evidence and not just a conclusion in the guise of findings. Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). Furthermore, the ALJ cannot ignore evidence favorable to the plaintiff. Owen v. Chater, 913 F. Supp. 1413, 1420 (D. Kan. 1995).

When analyzing evidence of pain, the court does not require a formalistic factor-by-factor recitation of the evidence. So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, the ALJ will be deemed to have satisfied the requirements set forth in Kepler. White v. Barnhart, 287 F.3d 903, 909 (10th Cir. 2002); Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000). Furthermore, the ALJ need not discuss every relevant factor in evaluating pain testimony. Bates v. Barnhart, 222 F. Supp.2d 1252, 1260 (D. Kan. 2002). An ALJ must therefore explain and support with substantial evidence which part(s) of claimant's testimony he did not believe and why. McGoffin v. Barnhart, 288 F.3d 1248, 1254 (10th Cir. 2002). It is error for the ALJ to use standard boilerplate language which fails to set forth the specific evidence the ALJ considered in determining that a claimant's complaints were not credible. Hardman v. Barnhart, 362 F.3d 676, 679 (10th Cir. 2004). On the other hand, an ALJ's credibility determination which does not rest on mere boilerplate language, but which is linked to specific findings of fact fairly derived from the

record, will be affirmed by the court.  White, 287 F.3d at 909-910.

The court will not reweigh the evidence or substitute its judgment for that of the Commissioner.  Hackett v. Barnhart, 395 F.3d 1168, 1173 (10th Cir. 2005); White v. Barnhart, 287 F.3d 903, 905, 908, 909 (10th Cir. 2002).  Although the court will not reweigh the evidence, the conclusions reached by the ALJ must be reasonable and consistent with the evidence.  See Glenn v. Shalala, 21 F.3d 983, 988 (10th Cir. 1994)(the court must affirm if, considering the evidence as a whole, there is sufficient evidence which a reasonable mind might accept as adequate to support a conclusion).  The court can only review the sufficiency of the evidence.  Although the evidence may support a contrary finding, the court cannot displace the agency's choice between two fairly conflicting views, even though the court may have justifiably made a different choice had the matter been before it de novo.  Oldham v. Astrue, 509 F.3d 1254, 1257-1258 (10th Cir. 2007).

In her decision, the ALJ provided a thorough discussion of plaintiff's credibility in light of the medical and other evidence in the case, including the evidence pertaining to plaintiff's arthritis (R. at 21-22) and back pain (R. at 22).  The ALJ also articulated other reasons for discounting plaintiff's credibility (R. at 23).  The ALJ clearly set forth

11

the specific evidence he relied on in evaluating plaintiff's credibility, and explained and supported with credible evidence which parts of plaintiff's testimony he did not believe and why. The court finds that the ALJ's credibility findings are linked to specific findings of fact fairly derived from the record.

IT IS THEREFORE ORDERED that the judgment of the Commissioner is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

Dated this 13th day of February, 2013, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge